*395 OPINION.
Love :
In its returns for the years in question, petitioner took deductions as a repair expense, of replacing the units of its plant in the circumstances recited in the findings of fact. The Commissioner disallowed such deduction. Before the Board the petitioner claimed the deduction as a loss, measured by the cost of the old units to it, less depreciation in one of the years. Hence the amount of the deficiency in contest is less than the amount asserted by the Commissioner.
Clearly, we think the loss if deductible, is deductible as a loss, • and not as a repair expense. In this case the cost value of a plant such as the one in question here, new, has been satisfactorily shown. H. M. Wall qualified as a competent witness to testify as to such value, and so valued each item in the make-up of the plant. The proof is also satisfactory as to the actual cost of the secondhand *396 plant to petitioner. The cost of the plant, as a whole, was entered on petitioner’s books, with no attempt to allocate the cost of each separate item as to either purchase price or cost of construction. Not until this controversy arose was any such allocation attempted. As a fair and reasonable means of so allocating such costs, petitioner-used the total cost of such a plant, new, $106,417.40, as the denominator of a fraction and the cost to- petitioner of the secondhand plant purchased, $45,227.31, as the numerator and thus obtained the per cent that the plant erected bore -to the cost of a plant, new. That is, the plant purchased cost petitioner 42y2 per cent of the cost price of the same machinery, new. The cost of constructing the whole plant, that is the labor bill, was 26.477 per cent of the cost of the machinery delivered. Using the 42yz per cent and using the cost, new of each item as a base, it computed the cost to it of each item actually purchased and then using that cost as a base and the 26.477 per cent, it computed the labor cost on each such item in construction.
While it may be conceded that the method employed is not absolutely accurate when applied to each item separately, yet we believe it is fair, and arrives at a conclusion that any court of equity would accept. In the tabulated lists of parts burned out in the several years, as given in the findings of fact, the cost column of figures represents costs computed as above indicated.
The case was submitted on the theory involved in assignments of error Nos. 3 and 4, hence assignments Nos. 1 and 2 passed out and are not considered.
There was no evidence submitted relative to assignment of error No. 5, and counsel in his brief does not discuss the matter. -Hence, as to that item, we approve the action of the Commissioner.
The deficiency asserted for the year 1919 was not appealed from, hence the Board has no jurisdiction over that amount.
Petitioner suffered deductible losses as follows:
Total cost of items lost in 1920-$12, 517. 40
Less salvage value of scrap- 348. 60
Loss_ 12,168. 80
Total cost of items lost in 1921. 22,667.63
Less depreciation at 5 per cent. $1,133. 38
Salvage value of scrap-623.10
1, 756.48
Loss_ 20,911.15
Reviewed by the Board.
Judgment will be entered on 15 days’ notice, yonder Bule 50.